UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| vs. | **DESIGNATION: PROPERTY RIGHTS** |
| **JUANA GALLEGOS-ONTIVEROS and JUANA BRAVO, individually and d/b/a La Cabana Restaurant, LA CABANA RESTAURANT, INC., d/b/a La Cabana Restaurant, and JOHN DOES I – V,** | |
| **Defendants.** | |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.  This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Minnesota.

## VENUE

4.     Pursuant to Title 28 U.S.C. Section 1391(b)(2), venue is proper in the District of Minnesota, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6.     Plaintiff is informed and believes, and alleges thereon that Defendant, Juana Gallegos-Ontiveros, is an individual residing at 100 Emerson Ave. W., Apt. 301, St. Paul, MN 55118 and is now and was at the time of the occurrence complained of herein, an owner, operator, licensee, permitee, person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as La Cabana Restaurant, operating at the time of the occurrence complained of herein at 863 E. 7th St., St. Paul, MN 55106.

7.     Plaintiff is informed and believes, and alleges thereon that Defendant, Juana Bravo, is an individual residing in the vicinity of St. Paul, MN and is now and was at the time of the occurrence complained of herein, an owner, operator, licensee, permitee, person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as La Cabana Restaurant, operating at the time of the occurrence complained of herein at 863 E. 7th St., St. Paul, MN 55106.

8.     Plaintiff is informed and believes, and alleges thereon that Defendant, La Cabana Restaurant, Inc., is a Minnesota corporation that is now and was at the time of the occurrence complained of herein an owner, operator, licensee, permitee, person in charge, and/or an entity

with dominion, control, oversight and management of the commercial establishment doing business as La Cabana Restaurant, operating at the time of the occurrence complained of herein at 863 E. 7th St., St. Paul, MN 55106, which is the aforesaid entity's principal place of business, and that Defendants Juana Gallegos-Ontiveros and Juana Bravo are and at pertinent times were alter egos, officers, directors, shareholders, employees, agents and/or other representatives of the aforesaid entity.

9.      Defendants John Doe I – V are unknown natural persons or business entities who are now and were at the time of the occurrence complained of herein owners, operators, licensees, permitees, persons in charge, and/or individuals or entities with dominion, control, oversight and management of the commercial establishment doing business as La Cabana Restaurant, operating at the time of the occurrence complained of herein at 863 E. 7th St., St. Paul, MN 55106.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

10.     Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-9, inclusive, as though set forth herein at length.

11.     By contract, Plaintiff J & J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program*, which took place on Saturday, November 13, 2010 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

12.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc. entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Minnesota by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

13.	As a commercial distributor of sporting events, including the Program, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

14.	With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the address of their establishment, as indicated above.  Said unauthorized interception, publication, exhibition and divulgence by each of the Defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

15.	Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

16.	By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

17.	By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. Section 605.

18.	As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

(a)	Statutory damages for each violation in an amount up to $110,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(I) or (II) and (ii); and

(b)	the recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

19.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20.     The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

21.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

22.     By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. Section 553.

23.     As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

   (a)   Statutory damages for each violation in an amount up to $60,000.00 pursuant to Title 47 U.S.C. 553(c)(3)(A)(i) or (ii) and (B); and

   (b)   the recovery of full costs including reasonable attorneys fees pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

   **WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III

### (Conversion)

24. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-23, inclusive, as though set forth herein at length.

25. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendants, and each of them, tortiously obtained possession of the Program and wrongfully converted it to their own use and benefit.

26. The aforesaid acts of the Defendants were willful, malicious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., and to subject said Plaintiff to economic distress.

27. Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from aforementioned defendant as the result of the Defendants egregious conduct and conversion.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against Defendants, and each of them;
2. for reasonable attorney fees pursuant to statute;
3. for all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against Defendants,

and each of them;

2. for reasonable attorney fees pursuant to statute;

3. for all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against Defendants, and each of them;
2. for all costs of suit, including but not limited to filing fees, service of process fees, investigative costs and reasonable attorney fees; and;
3. for such other and further relief as this Honorable Court may deem just and proper.

                                        Respectfully submitted,

Dated: November 12, 2012         s/Scott A. Wilson_____
                                        By: Scott A. Wilson
                                        Bar Number 163193
                                        Attorney for Plaintiff
                                        J & J Sports Productions, Inc.
                                        Suite 5010
                                        310 4th Ave. S.
                                        Minneapolis, MN 55415
                                        Telephone: (651) 353-3184